IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00802-WDM-MJW

JAMES E. JACKSON,

Plaintiff,

v.

BNSF RAILWAY COMPANY,

Defendant.

---

**ORDER REGARDING
PLAINTIFF'S MOTION FOR ORDER PERMITTING ENTRY UPON DEFENDANT'S LAND AND PROPERTY TO EXERCISE PLAINTIFF'S RIGHTS UNDER FED. R. CIV. P. 26 AND 34 (DOCKET NO. 41)**

---

**MICHAEL J. WATANABE
United States Magistrate Judge**

This matter is before the court on Plaintiff's Motion for Order Permitting Entry Upon Defendant's Land and Property to Exercise Plaintiff's Rights Under Fed. R. Civ. P. 26 and 34 (docket no. 41).  The court has reviewed the motion and response (docket no. 44).  In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings of fact, conclusions of law, and order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Plaintiff alleges in his complaint that he suffered injuries to his spine which resulted in surgery caused by vibration while riding in and operating Defendant's locomotives over its main lines between Sterling, Colorado, and Alliance, Nebraska,

and between Sterling, Colorado, and Guernsey, Wyoming.  Plaintiff has retained Eckardt Johanning, M.D., M.Sc., as an expert.  Dr. Johanning has not conducted any testing on locomotives operating on Defendant's lines for the above-mentioned routes.

Authority to allow one party to inspect and test a piece of machinery owned by another is found in Rule 34(a) of the Federal Rules of Civil Procedure, which states in relevant part:

> Any party may serve on any other party a request ... (2) to permit entry upon designated land or other property in the possession or control of the other party upon whom the request is served for the purpose of inspection and measuring, surveying, photographing, testing, or sampling the property or any designated object or operation thereon, within the scope of Rule 26(b).

Fed. R. Civ. P. 34(a).  "The right of a party under Rule 34 to inspect and test, like all discovery, is not unlimited." Micro Chemical, Inc., v. Lextron, Inc., 193 F.R.D. 667, 668-69 (D. Colo. 2000).  "'Since entry upon a party's premises may entail greater burdens and risks than mere production of documents, a greater inquiry into the necessity for inspection would seem warranted. . . .  Rule 26(c) expressly provides that "for good cause shown," the court may "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by either denying inspection or by appropriate restrictions on the inspection. Under this subsection, the degree to which the proposed inspection will aid in the search for truth must be balanced against the burdens and dangers created by the inspection.'" Id. (quoting Belcher v. Bassett Furniture Indus., Inc., 588 F.2d 904, 908 (4th Cir. 1978)).

Here, the court finds that plaintiff has shown that the requested testing of

3

vibrations while riding in and operating Defendant's locomotives over its main lines between Sterling, Colorado, and Alliance, Nebraska, and between Sterling, Colorado, and Guernsey, Wyoming, is relevant to the issues before this court. While defendant claims that Dr. Johanning's very presence on a normal run is disruptive to defendant's operations, defendant has not made any particularized showing that Dr. Johanning's presence would create any undue burden or danger.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That Plaintiff's Motion for Order Permitting Entry Upon Defendant's Land and Property to Exercise Plaintiff's Rights Under Fed. R. Civ. P. 26 and 34 (docket no. 41) is **GRANTED**;

2. That the parties shall forthwith meet and confer to schedule a time when such vibration testing can take place;

3. That such vibration testing shall be limited to one trip on each of the main lines between Sterling, Colorado, and Alliance, Nebraska, and between Sterling, Colorado, and Guernsey, Wyoming, only;

4. That the inspection and testing shall be in conformance with defendant's protocol. More specifically, only Dr. Johanning will be allowed on the locomotive to conduct the testing;

5. That the vibration testing shall be completed prior to the discovery cut-off date; and,

4

6. That each party shall pay their own attorney fees and costs for this motion.

Done this 4th day of June 2007.

                                                          BY THE COURT

                                                          <u>s/ Michael J. Watanabe</u>
                                                          Michael J. Watanabe
                                                          U.S. Magistrate Judge