IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 06-cv-00802-WDM-MJW

JAMES E. JACKSON,

    Plaintiff,

v.

BNSF RAILWAY COMPANY,

    Defendant.

## ORDER ON MOTION *IN LIMINE*

Miller, J.

This case is before me on a motion *in limine* filed by Plaintiff to exclude evidence and any and all reference to any disability or sickness benefits received by Plaintiff through the Railroad Retirement Board (Docket No. 57). After a review of the pleadings and the parties' written arguments, I conclude oral argument is not required. For the reasons that follow, the motion is granted.

### Background

This action arises out of Plaintiff's employment with Defendant. Plaintiff brought this claim on April 28, 2006 generally asserting that Defendant is liable for injuries Plaintiff sustained on the job because Defendant failed to comply with the standards and/or requirements set forth in (1) the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51–60; (2) the Federal Locomotive Inspection Act, 49 U.S.C. § 20701; (3) the

Railroad Locomotive Safety Standards, 43 C.F.R. Chapter II, Part 229, of the Federal Locomotive Administration, DOT; and (4) the Track Safety Standards, 43 C.F.R. Chapter II, Part 213, of the Federal Locomotive Administration, DOT. Plaintiff alleges that he sustained injuries to his neck and upper back that have caused him severe pain and mental anguish. He also alleges that he is and will continue to be disabled due to his injuries.

## Discussion

Plaintiff moves for exclusion of "any evidence of Railroad Retirement, Sickness benefits, or Disability benefits." (Mtn. ¶ 1.) Defendant argues that Plaintiff is not entitled to an exclusion because evidence of such collateral source benefits may be admissible for certain purposes which are present in this case.

"The collateral source rule provides that 'a wrongdoer is not entitled to have damages, for which he is liable, reduced by proof that the plaintiff has received or will receive compensation or indemnity for the loss from an independent collateral source.'" *FDIC v. United Pac. Ins. Co.*, 20 F.3d 1070, 1083 (10th Cir. 1994) (quoting *DuBois v. Nye*, 584 P.2d 823, 825 (Utah 1978)); *accord Green v. Denver & Rio Grande W. R.R. Co.*, 59 F.3d 1029, 1032 (10th Cir. 1995) ("The . . . rule allows a plaintiff to seek full recovery from a tortfeasor even though an independent source has compensated the plaintiff in full or in part for the loss."). The rationale is two-fold: (1) "public policy favors giving the plaintiff a double recovery rather than allowing a wrongdoer to enjoy reduced liability simply because the plaintiff received compensation from an independent source" and (2) the rule encourages maintenance of insurance because it "assur[es] a

plaintiff's payments from a collateral source will not be reduced by a subsequent judgment." *Green*, 59 F.3d at 1032 (citations omitted).

Basing its decision on Supreme Court precedent established in *Eichel v. N.Y. Cent. R.R. Co.*, 375 U.S. 253 (1963), the Tenth Circuit has held that the collateral source rule "prohibits admission of [Railroad Retirement Act ("RRA")] benefits in a FELA case." *Id.* at 1032–33 (citing *Eichel*, 375 U.S. 253). In *Eichel*, the Supreme Court held that such a rule was appropriate because "the likelihood of misuse by the jury clearly outweighs the value of" the evidence of collateral source income. *Eichel*, 375 U.S. at 254; *see also* Fed. R. Evid. 403 (requiring exclusion of evidence, even if relevant, "if its probative value is substantially outweighed by the danger of unfair prejudice"). The Court went on to say that "receipt of collateral social insurance benefits involves a substantial likelihood of prejudicial impact." *Id.* The Tenth Circuit has also noted that collateral source benefits cannot be considered even in mitigation of damages. *Green*, 59 F.3d at 1033 (citing *Eichel*, 375 U.S. at 254).

In this case, Plaintiff seeks to exclude evidence of Railroad retirement, sickness, or disability benefits under the law established in *Eichel* and *Green*. Defendant argues *Eichel* and *Green* do not establish a *per se* rule of exclusion, and that this case warrants deviation from the general rule of exclusion. I agree with Plaintiff but only to the extent Plaintiff seeks exclusion of benefits under the RRA. The law in *Eichel* and *Green* is clear—evidence of railroad disability benefits must be excluded pursuant to Fed. R. Evid. 403 and the collateral source rule. *See Eichel*, 375 U.S. at 254; *Green*, 59 F.3d at 1032–33. Defendant's citation to case law in other circuits does not change

my conclusion.

For example, Defendant cites to *McGrath v. Conrail*, 136 F.3d 838, 841 (1st Cir. 1998), which held that *Eichel* did not establish a *per se* rule of exclusion for collateral source benefits. The court then admitted evidence of collateral source benefits because it found that the probative value was not substantially outweighed by the prejudicial effect. *Id.* However, the Tenth Circuit interpreted *Eichel* differently and required exclusion of RRA benefits from a FELA case. *Green*, 59 F.3d at 1032–33. I must follow Tenth Circuit precedent.

Defendant also cites to *Moses v. Union Pac. R.R.*, 64 F.3d 413, 416 (8th Cir. 1995), which held that in limited circumstances the probative value of collateral source evidence would not be outweighed by the prejudicial effect of such evidence. The Eighth Circuit noted two such circumstances: (1) when the plaintiff himself alleges that he does not have collateral source benefits and (2) when the plaintiff puts the fact at issue by claiming emotional or financial distress due to lack of income. *Id.* Although the Tenth Circuit has not expressly addressed such circumstances, limited exceptions would be consistent with the Tenth Circuit's holding in *Green*. *Green's* exclusionary holding is based on a balancing of the prejudicial effect against the probative value. Such a balancing may well come out differently under limited circumstances such as those described by the Eighth Circuit. However, no such exceptional circumstances are involved in this case—Plaintiff has not alleged that he does not have benefits and had not based his claim on his financial status.

Finally, Defendant cites *Lange v. Mo. Pac. R.R. Co.*, 703 F.2d 322, 324 (8th Cir.

1983), and *Santa Maria v. Metro-N. Commuter R.R.*, 81 F.3d 265, 272–73 (2d Cir. 1996). In *Lange*, the Eighth Circuit held that although the collateral source rule generally excluded collateral source evidence, cross examination on the subject was allowable if the subject was introduced by the plaintiff during direct examination. 703 F.2d at 324. Such is not the case here. In *Santa Maria*, the Second Circuit expressly declined to address the issue of exclusion of collateral source evidence. 81 F.3d at 272. However, in dicta, the court noted that although generally evidence of collateral sources is excluded, it may be admitted "if the plaintiff puts his financial status at issue." *Id.* at 273 (citing *Lange*, 703 F.2d at 324). Not only is this dicta, but the Second Circuit's holding is essentially equivalent to *Moses*, discussed above. As I have already determined, such circumstances for admission are not present here. Therefore, I agree with Plaintiff that evidence of any benefits he received under the RRA must be excluded unless Plaintiff's actions at trial trigger an opportunity for Defendant to appropriately respond with collateral source evidence.

     Accordingly, it is ordered:

1. Plaintiff's motion *in limine* filed on August 1, 2007 (Docket No. 57) is granted.
2. Evidence of Plaintiff's receipt or eligibility for benefits under the RRA is excluded.

DATED at Denver, Colorado, on February 13, 2008.

                                      BY THE COURT:

                                      s/ Walker D. Miller
                                      United States District Judge